■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OUSMANE AG, Appellant. [9 NYS3d 15]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at pretrial motion to dismiss; Daniel McCullough, J., at jury trial, posttrial motion to dismiss and sentencing), rendered July 20, 2011, convicting defendant of criminal possession of a weapon in the second degree and unlawful possession of marijuana, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.

There is no basis for dismissal of the indictment or reduction of the conviction to a misdemeanor in furtherance of justice. Although defendant's arguments center on the deportation consequences of his conviction, he has not shown that either of the forms of relief he requests would actually prevent his deportation, given the relevant federal law. In any event, while deportation is a serious consequence of a defendant's conviction, and while defendant set forth some favorable factors, there is no "compelling factor" (CPL 210.40 [1]) that would warrant that "extraordinary remedy" (*People v Moye*, 302 AD2d

610, 611 [2d Dept 2003]). Defendant was convicted of a serious weapons offense. He also was previously convicted of attempted assault in third degree as a hate crime, which, although a misdemeanor, further weighed against granting the motion.

Although some portion of the home videos recorded by defendant were admissible to establish his possession of the contraband at issue and his intent to use the weapon unlawfully, the court should have ordered redactions of irrelevant and inflammatory matter (*see generally People v Arafet*, 13 NY3d 460, 465 [2009]). In particular, we see no reason to have included the portion of the videos where defendant discusses his sexual activities or to have shown a woman in defendant's bed for an extended period. The People could have established defendant's ties to the weapon without this material, and his intent to use the weapon unlawfully could have been established by his actions and words apart from this salacious material. We find, however, that any error was harmless given the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). Moreover, despite having viewed the unredacted tapes, the jury acquitted defendant of a count charging weapon possession with unlawful intent. Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ.